CRANE COMPANY, PLAINTIFF-RESPONDENT, v. WILLIAM G. ROYER ET AL., PARTNERS, DEFENDANTS; WILLIAM G. ROYER, INCORPORATED, PROSECUTOR.

Submitted October term, 1928—Decided January 3, 1929.

Before Justices MINTURN, BLACK and CAMPBELL.

For the prosecutor, *Philip M. Chamberlin.*

For the respondent, *Maxwell A. Kraemer.*

PER CURIAM.

This writ brings up for review the proceedings under a claim of property levied upon under an execution issued out of the Trenton City District Court under a judgment obtained therein by the Crane Company against William G. Royer, Sr., on February 1st, 1928.

The finding of the jury was against the prosecutor upon its claim of property.

Seven reasons for setting aside the finding are filed and they are argued under three heads.

First, that it was error to permit the constable who made the levy and who was the sole witness of the judgment creditor to attend the jury. We find no merit in this.

Second, that the writ of execution and the levy thereunder were returned into court after the return day of the writ. We do not see how this is before us.

Third, that the finding of the jury is contrary to the evidence; that there is no evidence to support it and that the trial judge erred in refusing to direct a finding in favor of the prosecutor.

Upon this point we find in favor of the prosecutor. It is most evident that the goods claimed were the property of William G. Royer, Incorporated, which came into existence November 5th, 1927. Such goods and chattels came to it through either William G. Royer or Anna T. Royer, the proceeding under which such transfer was made being fully shown in the proofs by the records of the corporation. The proofs before us fail to show that the goods were in the personal possession of the judgment debtor at the time of the levy.

In proper cases the trial judge has power to direct. *City Bank* v. *O'Mara*, 88 *N. J. L.* 499.

We think such a situation was presented here and he should have directed the jury to find in favor of the prosecutor. Also finding, as we do, that the finding of the jury is without proof upon which it can be supported, such finding is set aside, with costs.